J-A25026-16, J-A25027-16, J-A25028-16, J-A25029-16

2017 PA Super 17

| | | |
|---|---|---|
| MARGIE BLOOME, ADMINISTRATOR FOR DARON RHASHAWN TROLLINGER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 66 MDA 2016 |
| | : | |
| MORRIS ALAN AND HILLSIDE GARDENS, LTD. | : | |

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  03514 of 2014

| | | |
|---|---|---|
| MARGIE BLOOME | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ALAN MORRIS, EDWARDSVILLE ASSOCIATES, EDWARDSVILLE APARTMENTS MANAGEMENT, LLC, EDWARDSVILLE APARTMENTS, LP, EAGLE RIDGE APARTMENTS, INC. | : | No. 67 MDA 2016 |

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  3515 of 2014

| | | |
|---|---|---|
| MARGIE BLOOME | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SILVER STREET DEVELOPMENT | : | No. 68 MDA 2016 |

CORPORATION, EDWARDSVILLE :
APARTMENTS, LP AND HILLTOP- :
EDWARDSVILLE, LP :

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 05985 of 2014

MARGIE BLOOME                     :        IN THE SUPERIOR COURT OF
                                  :              PENNSYLVANIA
             Appellant            :
                                  :
                                  :
                                  :
      v.                          :
                                  :
                                  :
SILVER STREET DEVELOPMENT          :        No. 69 MDA 2016
CORPORATION                       :

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 05986-2014

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                        **FILED JANUARY 24, 2017**

Appellant Margie Bloome, as administrator for the estate of the

deceased, Daron Rhashawn Trollinger ("Mr. Trollinger"), appeals *pro se*[1]

from the December 15, 2015, order entered in the Court of Common Pleas

of Luzerne County granting, in part, preliminary objections filed by Silver

---

[1] Appellant filed four separate notices of appeal from the entry of the trial court's December 15, 2015, order; however, for the ease of discussion, we have *sua sponte* consolidated the appeals.

* Former Justice specially assigned to the Superior Court.

Street Development Corporation, Hilltop-Edwardsville, LP, and Edwardsville Apartments, LP, and dismissing Appellant's amended complaint. After a careful review, we conclude the trial court's December 15, 2015, order is not a final order, and accordingly, we quash the *pro se* appeals.

The record certified to us on appeal presents the following relevant facts and procedural history. On March 18, 2014, Appellant filed a *pro se* writ of summons against Alan Morris[2] and Hillside Gardens, LTD., and the matter was docketed in the lower court at 3514 of 2014. The record reveals that service of the writ of summons was attempted, but never effectuated, by the sheriff. **See** Sheriff's Service and Affidavit, filed 3/19/14.

On June 4, 2014, Appellant filed a *pro se* civil complaint naming solely as a defendant Silver Street Development Corporation, and the matter was docketed in the lower court at 3514 of 2014. In a two paragraph complaint, Appellant alleged that, as the owner of the Hilltop-Apartments in Edwardsville, Pennsylvania, Silver Street Development Corporation was negligent as it relates to criminal activity occurring at the property, which led to crimes occurring against Mr. Trollinger.[3]

---

[2] The certified record is unclear as to whether the party's correct name is "Alan Morris" or "Morris Alan."

[3] As indicated *infra*, the record reveals that Mr. Trollinger was shot and killed at the Eagle Ridge Apartment building in Edwardsville. Moreover, after Mr. Trollinger's death, someone who lived at the Hilltop Apartment complex
*(Footnote Continued Next Page)*

Silver Street Development Corporation filed preliminary objections alleging Appellant's complaint was not verified and lacked the requisite specificity.[4] On April 27, 2015, the trial court held a hearing, and by order entered on April 30, 2015, the trial court granted Silver Street Development Corporation's preliminary objections and directed Appellant to file an amended complaint within thirty days.

On May 21, 2015, Appellant filed an amended *pro se* complaint naming as defendants Silver Street Development Corporation, Hilltop-Edwardsville, LP, Edwardsville Apartments, LP, Edwardsville Apartments Development, LLC, Edwardsville Apartments Management, LLC, Eagle Ridge Apartments, Inc., and Silver Street Development Corporation *et al* (collectively, and for ease of discussion, referred to as "Appellees"). Appellant filed the amended complaint at lower court docket number 3514 of 2014.[5]

In the amended complaint, Appellant alleged that Mr. Trollinger lived with Elishabah Marshall at the Hilltop Apartments in Edwardsville, and on May 16, 2012, at approximately 7:00 to 8:00 p.m., Mr. Trollinger went to

_(Footnote Continued)_ ───────────────

allegedly requested a replacement credit card to be issued in his name for one of his accounts.

[4] The preliminary objections are not included in the certified record; however, the preliminary objections were litigated at a April 27, 2015, hearing, the transcript for which is included in the certified record.

[5] Appellant filed two *pro se* amended complaints on May 21, 2015. The complaints are substantially similar, except the second amended complaint included as a defendant Silver Street Development Corporation *et al*.

the nearby Eagle Ridge Apartment building to visit someone. While he was outside of the Eagle Ridge Apartment building, Mr. Trollinger was attacked and lethally shot.

Appellant averred Appellees were liable for the wrongful death of Mr. Trollinger by not deterring criminal activity at the Eagle Ridge Apartment building, as well as not installing surveillance cameras, proper door locks, outside lighting and/or proper fencing. Appellant further averred Appellees should have banned George Lee Barnes, who shot Mr. Trollinger and had a history of arrests in connection with other crimes occurring at the Eagle Ridge Apartment building, from coming onto the property prior to the shooting.

Moreover, Appellant suggested that, after the shooting death of Mr. Trollinger, Elishabah Marshall, with whom Mr. Trollinger had resided, requested from Comerica Bank a replacement card in the name of Mr. Trollinger. Appellant suggested Appellees were liable for this fraudulent activity. Appellant ultimately sought five billion dollars in compensatory and punitive damages.

On June 16, 2015, Silver Street Development Corporation, Hilltop-Edwardsville, LP, and Edwardsville Apartments, LP, filed preliminary objections to Appellant's amended complaint. Therein, they sought to strike Appellant's amended complaint on the following grounds: (1) lack of jurisdiction under Pa.R.Civ.P. 1028(a)(1) due to the fact Appellant added

new parties (Hilltop-Edwardsville, LP, and Edwardsville Apartments, LP, and Silver Street Development Corporation *et al*) without the approval of the court; (2) failing to join indispensable parties, *i.e.*, George Lee Barnes and Elishabah Marshall; (3) lack of capacity to sue and subject matter jurisdiction; (4) pendency of prior actions based on the same facts alleged in Appellant's amended complaint; (5) failing to identify material facts upon which a cause of action is based and for insufficient specificity; and (6) in the nature of demurrer for failing to assert a cause of action.  Alternatively, the preliminary objections sought to strike certain portions of Appellant's amended complaint under Pa.R.Civ.P. 1028(a)(2) due to scandalous or impertinent material.

On July 10, 2015, Appellant filed an answer in opposition to the preliminary objections, and on September 9, 2015, the trial court held oral argument on the matter.  Thereafter, by order entered on December 15, 2015, the trial court granted, in part, the preliminary objections and dismissed Appellant's amended complaint.[6]  Thereafter, Appellant filed four timely *pro se* notices of appeal.

---

[6] Specifically, the trial court granted all averments set forth in the preliminary objections, except the trial court denied the motion to strike on the basis of the pendency of prior actions.

Initially, prior to addressing the issues presented by Appellant, we must determine whether the trial court's December 15, 2015, order is a final order. As this Court has recently held:

> "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa.Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." ***Id.***; ***Stanton v. Lackawanna Energy, Ltd.***, 915 A.2d 668, 673 (Pa.Super. 2007). Pennsylvania law makes clear:
>
>> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).
>
> Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:
>
>> **Rule 341. Final Orders; Generally**
>>
>> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>>
>> **(b) Definition of final order.** A final order is any order that:
>>
>> (1) disposes of all claims and of all parties; or
>>
>> (2) is expressly defined as a final order by statute; or
>>
>> (3) is entered as a final order pursuant to subdivision (c) of this rule.
>>
>> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim...the trial court...may enter a final order as to one or more but fewer than all of the claims...only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order...that adjudicates fewer than all the claims...shall not constitute a final order[.]

Pa.R.A.P. 341(a)–(c). [Thus,] [u]nder Rule 341, a final order can be one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c).

*In re Estate of Cella*, 12 A.3d 374, 377-78 (Pa.Super. 2010) (some internal citations omitted).

Instantly, there is no indication from the record that Appellant served the amended complaint upon Edwardsville Apartments Management, LLC, or Eagle Ridge Apartments, Inc. Furthermore, these parties did not file preliminary objections, have not been dismissed from this matter, and Appellant has not discontinued her case against them.

Accordingly, until Appellant obtains the trial court's determination of finality, acquires this Court's permission to appeal per Chapter 13 of the appellate rules, or obtains leave of court to discontinue her case pending against various parties, we lack jurisdiction to entertain the appeals as filed.[7, 8]

---

[7] Appellant makes no argument that the December 15, 2015, order is expressly defined by statute as a final order. Likewise, she does not qualify the order on appeal as interlocutory as of right or collateral to the main cause of action. *See* Pa.R.A.P. 311; 313. Rather, she mistakenly suggests she is appealing from a final order, which dismissed all parties and all claims.

[8] We note that, as indicated *supra*, Appellant filed a writ of summons against Alan Morris (or Morris Alan) and Hillside Gardens, LTD.; however, she failed to effectuate proper service of the writ, thus depriving the trial court of personal jurisdiction over them. *See Cahill v. Schults*, 643 A.2d 121
*(Footnote Continued Next Page)*

Appeals Quashed.  Jurisdiction Relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2017</u>

---

*(Footnote Continued)* ———————————

(Pa.Super. 1994).  Moreover, Appellant failed to name either party as a defendant in any ensuing complaint and, more particularly, Appellant did not include either party as a defendant in the amended complaint.  Thus, there are no claims pending against them.  ***See Brooks v. B & R Touring Co.*,** 939 A.2d 398 (Pa.Super. 2007).  Additionally, although included as Appellee in the caption, the record is unclear as to when Edwardsville Associates was added as a party to this case in the lower court.  Therefore, the trial court is directed to determine whether these parties should be stricken from this matter.