J-A12020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREENBRIAR VILLAGE HOMEOWNERS ASSOCIATION, INC. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 3303 EDA 2017 |
| EQUITY LIFESTYLES, INC., MHC GREENBRIAR VILLAGE LIMITED PARTNERSHIP AND GREENBRIAR VILLAGE, INC. | : : : : : | |

Appeal from the Order Entered September 26, 2017
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  CV-2015-5336

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM  BY OTT:                    **FILED SEPTEMBER 06, 2018**

Greenbriar Village Homeowners Association, Inc. ("Homeowners"), appeals from the order entered on September 26, 2017, in the Court of Common Pleas of Northampton County Civil Division, denying Homeowners' motion for partial summary judgment and granting the motion for summary judgment of Equity Lifestyles, Inc. ("ELS") and MHC Greenbriar Village Limited Partnership ("MHC").  We quash this appeal.

On June 16, 2015, Homeowners filed a complaint against ELS, MHC, and Greenbriar Village, Inc.  Only one order for service by the Northampton County Sheriff's Department appears in the certified record, requesting service upon MHC alone.  The return of service states that the complaint was served upon Yvonne Woodring on June 18, 2015, on behalf of MHC only.  There is no

indication that ELS or Greenbriar Village, Inc., were served with original process.

According to ELS and MHC's preliminary objections to the complaint:

The property known as Greenbriar Village is owned by defendant MHC Greenbriar Village Limited Partnership, which is an indirect subsidiary of Defendant Equity LifeStyle Properties, Inc., which is a holding company. The entity labeled in the complaint as "Greenbriar Village Inc." is not affiliated with any of the foregoing entities or with Greenbriar Village, and appears to have been named in error or misnamed.

Prelim. Objs. of ELS & MHC, 7/8/2015, at 2 n.1.

On July 30, 2015, Homeowners filed an amended complaint, still listing Greenbriar Village, Inc., as a defendant in the caption. Under the heading of "Parties," Paragraph 17 of the amended complaint stated: "Defendant, GREENBRIAR VILLAGE, INC. ('Greenbriar Village, Inc.') is, upon information and belief, a Pennsylvania corporation owned and operated by ELS and MHC Greenbriar Village." Am. Compl., 7/30/2015, at 5 ¶ 17.

In their answer to the amended complaint, ELS and MHC also listed Greenbriar Village, Inc., in the caption. In response to Paragraph 17 of the amended complaint, the answer stated: "Denied. The averments of Paragraph 17 are specifically denied and strict proof thereof is demanded at trial." Answer of Defs. to Pl.'s First Am. Compl. with New Matter, 3/8/2016, at 6 ¶ 17.

On April 17, 2017, Homeowners moved for partial summary judgment. On May 26, 2017, ELS and MHC filed their own motion for summary judgment. Although labelled as "Defendants' Motion for Summary Judgment," only ELS

and MHC are named therein as the moving parties: "AND NOW, come Defendants, Equity LifeStyle Properties, Inc. and MHC Greenbriar Village Limited Partnership, and move this Court to enter summary judgment in their favor and against Plaintiff on each count of Plaintiff's Amended Complaint." Defs.' Mot. for Summ. J., 5/26/2017, at 1. Greenbriar Village, Inc., was still listed in the caption but was not included among the moving parties.

On September 26, 2017, the trial court entered the following order:

> **AND NOW**, this 26th day of September, 2017, upon consideration of Plaintiff Greenbriar Village Homeowners Association, Inc.'s "Motion for Partial Summary Judgment," and Defendants' Equity Lifestyles, Inc.'s and Greenbriar Village Limited Partnership's "Motion for Summary Judgment," the response thereto of both parties, and the briefs presented thereon, it is hereby **ORDERED** and **DECREED** that Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED AS MOOT**.

Order, 9/26/2017. The order did not name Greenbriar Village, Inc. ***See id.*** The certified record also does not contain an order, praecipe, or stipulation dismissing Greenbriar Village, Inc., from this action. On September 28, 2017, Homeowners filed a notice of appeal.[1]

---

[1] On October 3, 2017, the trial court ordered Homeowners to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Homeowners complied on October 24, 2017. The next day, the trial court stated that the opinion that had accompanied its order of September 26, 2017, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

On October 27, 2017, this Court entered a rule to show cause as to why this appeal should not be transferred to the Commonwealth Court, because one of the parties, Homeowners, is a not-for-profit. On November 9, 2017, Homeowners filed a response to the rule. On November 16, 2017, this Court entered an order discharging the rule but "advis[ing] that the issue may be revisited by the panel to be assigned to this case[.]" Order, 11/16/2017.

Preliminarily, we must determine whether the September 26, 2017,
order is appealable.

> The appealability of an order directly implicates the jurisdiction of
> the court asked to review the order. This Court has the power to
> inquire at any time, *sua sponte,* whether an order is appealable.
> Pennsylvania law makes clear:
>
> > An appeal may be taken from: (1) a final order or an order
> > certified as a final order (Pa.R.A.P. 341); (2) an
> > interlocutory order as of right (Pa.R.A.P. 311); (3) an
> > interlocutory order by permission (Pa.R.A.P. 312, 1311, 42
> > Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P.
> > 313).

***Bloome v. Alan***, 154 A.3d 1271, 1273 (Pa. Super. 2017) (internal brackets,
quotation marks, and some citations omitted), *appeal denied sub nom.*
***Bloome v. Silver St. Dev. Corp.***, 170 A.3d 1005 (Pa. 2017), *reconsideration*
*denied* (Sept. 26, 2017). The order on appeal does not meet the requirements
for an interlocutory order by permission or a collateral order nor does it fit into
any of the categories that permit an interlocutory appeal as of right. ***See***
Pa.R.A.P. 311-313. Accordingly, we must determine if the order is a final
order pursuant to Pa.R.A.P. 341.[2]

---

[2] **(a) General Rule**.--Except as prescribed in paragraphs (d) and
(e) of this rule, an appeal may be taken as of right from any final
order of a government unit or trial court.

**(b) Definition of Final Order**.--A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) RESCINDED

- 4 -

"The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." ***Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.***, 221 A.2d 185, 187 (Pa. 1966). For example, in ***Bloome***, 154 A.3d at 1274, the plaintiff failed to serve original process upon two defendants named in her writ of summons and two of the six defendants named in her amended complaint. Several defendants who were served with process filed preliminary objections, and the trial court sustained the preliminary objections and dismissed the amended complaint. On appeal, this Court determined the order was not a final order as defined in Pa.R.A.P. 341, because there was no indication in the record that the appellant-plaintiff had served two other named defendants. Those defendants had not filed preliminary objections or been dismissed from the matter, nor had appellant-plaintiff dismissed the case against them.

The exceptions to the rule that a trial court lacks jurisdiction over any defendant who was not served with original process are circumstances where a party has consented to personal jurisdiction or has waived any objections to improper service by taking action on the merits of this case. ***See, e.g.***,

(3) is entered as a final order pursuant to paragraph (c) of this rule.

Pa.R.A.P. 341(a)-(b). Under Rule 341(b)(3) and (c), an otherwise non-final order becomes final and appealable when a trial court certifies that an immediate appeal will facilitate the entire case. The trial court did not make such a determination in the current action so as to permit an appeal.

*Frontier Leasing Corp. v. Shah*, 931 A.2d 676, 680 (Pa. Super. 2007) ("[p]ersonal jurisdiction can be established by consent"); *McCullough v. Clark*, 784 A.2d 156, 157 (Pa. Super. 2001) ("party may expressly or impliedly consent to a court's personal jurisdiction"); *Ball v. Barber*, 621 A.2d 156, 158 (Pa. Super. 1993) ("Once a party takes action on the merits of a case, he waives his right to object to defective service of process.").

Here, the certified record indicates that only one party, MHC, was served with original process. ELS has waived any objections to improper service by taking action on the merits of this case. Greenbriar Village, Inc., however, was not served with the complaint and has not taken any action on the merits of this case. Furthermore, Greenbriar Village, Inc., was never dismissed from this action and was continuously named as a party thereto. *See* Compl., 6/16/2015; Prelim. Objs. of ELS & MHC, 7/8/2015, at 2 n.1; Am. Compl., 7/30/2015, at 5 ¶ 17; Answer of Defs. to Pl.'s First Am. Compl. with New Matter, 3/8/2016, at 6 ¶ 17. Greenbriar Village, Inc., did not move for summary judgment, and the order granting summary judgment in favor of ELS and MHC did not address Greenbriar Village, Inc. *See* Defs.' Mot. for Summ. J., 5/26/2017, at 1; Order, 9/26/2017. Accordingly, even though Greenbriar Village, Inc., remained a party throughout this action, the order dated September 26, 2017, did not dispose of Greenbriar Village, Inc., and, consequently did not dispose of all parties.

The Note to Rule 341 specifically explains:

The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Pa.R.A.P. 341 that are no longer appealable as of right unless the trial court or government unit makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Pa.R.A.P. 341(c): . . .

> (4) an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants;

Pa.R.A.P. 341, Note.  Here, the order entered September 26, 2017, granted summary judgment as to two defendants, ELS and MHC, but left the action pending as to the remaining defendant, Greenbriar Village, Inc.  Hence, the order of September 26, 2017, was not a final order and, also for this reason, not an appealable order.  Pa.R.A.P. 341.  We must thereby quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18