J-S25037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORI L. DRYLIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT A. OTTAVIANI | : | No. 1737 WDA 2017 |

Appeal from the Order Entered October 27, 2017
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  2494 of 2017

| | | |
|---|---|---|
| LORI L. DRYLIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT A. OTTAVIANI | : | No. 1901 WDA 2017 |

Appeal from the Order Entered November 17, 2017
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  2494 of 2017, 17C102494

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 10, 2018**

Lori L. Drylie ("Landlord") appeals from the orders entered October 27, 2017, and November 17, 2017, in the Court of Common Pleas of Westmoreland County that:  (1) vacated an order for possession of real property issued by the magisterial district court on October 19, 2017, along with associated filing fees and service costs; (2) struck praecipes to terminate

supersedeas filed by Landlord; and (3) reinstated supersedeas pending disposition of the matter. We quash the appeal.

On May 3, 2017, Landlord commenced this action to recover possession of real property located on Goodridge Drive, Greensburg, Westmoreland County, Pennsylvania ("the Property"), by filing a complaint in the magisterial district court against Robert A. Ottaviani ("Tenant"). On May 15, 2017, the magisterial district court held a hearing and entered judgment in favor of Landlord. The judgment granted possession of the Property to Landlord and ordered Tenant to pay $894.00 in rent arrearage and fees.

On May 18, 2017, Tenant filed an appeal to the Court of Common Pleas.[1] On June 7, 2017, Landlord filed a complaint to recover possession of the

_____

[1]     A.     Receipt by the magisterial district judge of the copy of the notice of appeal from the judgment shall operate as supersedeas, except as provided in subdivisions B and C of this rule.

B.     When an appeal is from a judgment for the possession of real property, receipt by the magisterial district judge of the copy of the notice of appeal shall operate as a supersedeas only if the appellant at the time of filing the notice of appeal, deposits with the prothonotary a sum of money (or a bond, with surety approved by the prothonotary) equal to the lesser of three (3) months' rent or the rent actually in arrears on the date of the filing of the notice of appeal, based upon the magisterial district judge's order of judgment, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent which becomes due during the period of time the proceedings upon appeal are pending in the court of common pleas, such additional deposits to be made within thirty (30) days following the date of the appeal, and each successive thirty (30) day period thereafter.

Pa. R.C.P.M.D.J. 1008(A)-(B). "'Supersedeas' means a prohibition against any further execution processes on the judgment [of a magisterial district court] affected thereby." Pa. R.C.P.M.D.J. 1001(4).

Property in the Court of Common Pleas. Complaint, 6/7/2017, at ¶ 12 & *ad damnum* clause. The complaint also requested that the trial court order Tenant "to pay rent in the amount of the holdover fee of $50.00 per day that [Tenant] remained in possession beyond the termination of the [lease] agreement, as well as court costs, attorney's fees, and any other such relief that this Court may deem appropriate." ***Id.*** at *ad damnum* clause.

On June 30, 2017, Tenant filed an answer, new matter, and counterclaim. On August 21, 2017, an arbitration panel found in Landlord's favor. On September 19, 2017, Tenant appealed to the trial court.

While that Court of Common Pleas action was pending, on October 19, 2017, Landlord *ex parte* contacted the magisterial district court, requesting an "Order for Possession," which the magisterial district court granted ("October 19th order"). On the same day, Landlord also filed a praecipe to terminate supersedeas with the Prothonotary for the Court of Common Pleas.

On October 27, 2017, Tenant filed a motion in the Court of Common Pleas to vacate the October 19th order and the praecipe to terminate supersedeas and to reinstate supersedeas, averring as follows:

1. A supersedeas has been in place in this matter since appeal was filed by [Tenant], . . . under which supersedeas [Tenant] has been paying his rent into Court.

2. By reason of a blockage in the sewage line to the septic tank that [Landlord] has long refused to even address, much less correct, [Tenant] has regularly been without toilet facilities in the apartment that he rents from [Landlord].

3. On two (2) separate occasions just in the past month, September 23, 2017 and October 9, 2017, [Tenant] has again had

- 3 -

to hire a plumber at a cost of $328.00 to temporarily repair the problem with the sewage line so as to have toilet facilities in his apartment.

4.     With regard to his October, 2017 rent payment, [Tenant] notified [Landlord] that he was setting off the sewage repair costs of $328.00 from the rent payment to cover these most recent temporary sewage repairs.

Motion to Vacate Order for Possession of District Justice Joseph R. Demarchis, to Strike Praecipe to Terminate Supersedeas, and to Reinstate Supersedeas, 10/27/2017, at 1-2 ¶¶ 1-4.

Throughout this action, Tenant has paid a cash bond every month to the Prothonotary of the Court of Common Pleas.[2]  The Prothonotary has made regular distributions to Landlord.[3]

On October 27, 2017, the trial court entered an order vacating the October 19th order and striking the praecipe to terminate supersedeas ("October 27th order").  The October 27th order also reinstated supersedeas "pending disposition of this entire matter."  Order, 10/27/2017.

On November 15, 2017, Landlord filed a second praecipe to terminate supersedeas.  On November 17, 2017, the trial court again entered an order

---

[2]  According to the dockets attached by Landlord to her notices of appeal, Tenant paid a cash bond on:  May 18, 2017; May 19, 2017; June 12, 2017; July 14, 2017; August 16, 2017; September 15, 2017; October 10, 2017; October 24, 2017; November 15, 2017; and December 11, 2017.

[3]  According to the dockets attached by Landlord to her notices of appeal, the Prothonotary has distributed monies to Landlord on June 30, 2017; July 27, 2017; August 17, 2017; November 9, 2017; and November 21, 2017.

vacating the October 19th order, striking the second praecipe to terminate supersedeas, and reinstating supersedeas ("November 17th order").

On November 15, 2017, Landlord filed a notice of appeal of the October 27th order.[4]  On December 15, 2017, Landlord filed a notice of appeal of the November 17th order.[5]

On December 19, 2017, this Court entered a rule requesting Landlord to show cause why the appeal of the October 27th order should not be quashed.[6]  Landlord timely responded on December 29, 2017.  On January 12, 2018, the rule was discharged, and the appeal was permitted to proceed.  The order discharging the rule noted that "the issue may be revisited by the panel to be assigned to the case[.]"  Order, 1/12/2018.  On the same day, the appeals of the October 27th order and the November 17th order were consolidated.

_____

[4]  On November 15, 2017, the trial court ordered Landlord to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) by December 6, 2017, and Landlord complied on December 6, 2017.  On December 21, 2017, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a).

[5]  On December 21, 2017, the trial court ordered Landlord to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) by January 11, 2018, and Landlord complied on January 4, 2018.  On February 8, 2018, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a).

[6]  This Court did not enter a rule to show cause why the appeal of the November 17th order should not be quashed.

- 5 -

Preliminarily, we must determine whether the October 27th and November 17th orders are appealable.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. This Court has the power to inquire at any time, *sua sponte,* whether an order is appealable. Pennsylvania law makes clear:
>
> > An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Bloome v. Alan*, 154 A.3d 1271, 1273 (Pa. Super. 2017) (internal brackets, quotation marks, and some citations omitted), *appeal denied sub nom. Bloome v. Silver St. Dev. Corp.*, 170 A.3d 1005 (Pa. 2017). The orders on appeal do not meet the requirements for an interlocutory order by permission nor do they fit into any of the categories that permit an interlocutory appeal as of right. *See* Pa.R.A.P. 311-312.

In her response to this Court's rule to show cause, Landlord contends that the October 27th order is a collateral order pursuant to Pa.R.A.P. 313. Letter from Brian N. Droskey, Esq., to Prothonotary (Dec. 29, 2017), at 1.[7] In her brief to this Court for the consolidated appeal of both the October 27th and November 17th orders, Landlord argues that both orders are collateral

---

[7] Landlord concedes that the October 27th order is not a final order pursuant to Pa.R.A.P. 341. *See* Letter from Brian N. Droskey, Esq., to Prothonotary (Dec. 29, 2017), at 1.

orders and that this Court has jurisdiction pursuant to Pa.R.A.P. 313. Landlord's Brief at 1.

> According to Pa.R.A.P. 313(b):
>
> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

The Supreme Court of Pennsylvania "construe[s] the collateral order doctrine narrowly, and insist[s] that each one of its three prongs be clearly present before collateral appellate review is allowed." *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018).

Here, Landlord filed a complaint to recover possession of the Property. The orders of October 27th and November 17th vacated the October 19th order from the magisterial district court for possession of the Property and payment of rent arrearages. The question of possession of the Property and the dispute over rent payments are integral and directly related to the underlying landlord-tenant action. Accordingly, they are not "separable from and collateral to the main cause of action[.]" Pa.R.A.P. 313(b). As the first prong is not "clearly present," collateral appellate review of the appealed orders is impermissible. *Shearer*, 177 A.3d at 858.

Assuming the October 27th and November 17th orders were separable from and collateral to the main cause of action, Landlord's claims would not be "irreparably lost" if appellate review were postponed until after final judgment. Pa.R.A.P. 313(b). If the trial court finds in Landlord's favor,

Landlord would still be able to recover possession of the Property and collect rent arrearages plus any costs, fees, and interest that the trial court deems appropriate. The appealed orders consequently fail to fulfill the third prong of the collateral order doctrine as well, and we therefore lack jurisdiction to review either order at this time. *Shearer*, 177 A.3d at 858.

Consequently, the orders of October 27th and November 17th were not collateral orders and, also for this reason, not appealable. *See* Pa.R.A.P. 313. Therefore, we are constrained to quash these appeals.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2018