J-S22032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. LYNCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN COOPER, ESQ. ALLAN J. | : | No. 2200 EDA 2021 |
| SAGOT, ESQ. ALLAN J. SAGOT | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190100419

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED JANUARY 18, 2023**

John J. Lynch ("Lynch") appeals *pro se* from the order dismissing his amended complaint naming Benjamin Cooper, Esq. ("Attorney Cooper"), Allan J. Sagot, Esq. ("Attorney Sagot"), and Allan J. Sagot Associates ("Sagot Associates") (collectively, "Appellees") as defendants.  We quash the appeal.

We summarize the procedural history of this appeal from the record.  In January 2019, Lynch filed a *pro se* complaint alleging breach of contract and legal malpractice against Appellees.[1]  Lynch served Attorney Cooper with the complaint, but was unable to serve Attorney Sagot or Sagot Associates.  With the trial court's permission, Lynch reinstated his action and filed an amended complaint in May 2019.  Therein, Lynch asserted that Attorney Cooper was an associate with Sagot Associates and had been appointed to represent him in

---

[1] Lynch filed his complaint while incarcerated at SCI-Dallas.

criminal matters in May 2017. **See** Amended Complaint, 5/15/19, at ¶¶ 1-2. Lynch claimed that Attorney Cooper ineffectively represented him in his criminal matters which resulted in a deprivation of his liberty interests. **See id**. at ¶¶ 5, 8. Additionally, Lynch alleged that he and Attorney Cooper entered into an oral agreement for Attorney Cooper or another member of Sagot Associates to file motions and briefs in two civil matters. Lynch averred that he paid Attorney Cooper,[2] Appellees failed to file motions and briefs in the civil matters, and their inactions resulted in the dismissal of a civil appeal as well as the entry of a $60,000 judgment against him. **See id**. at ¶¶ 2-4, 7.

Counsel for Attorney Cooper[3] entered an appearance, and on January 2, 2020, filed a notice of intent to enter a judgment of *non pros* due to Lynch's failure to file a certificate of merit.[4] **See** Pa.R.Civ.P. 1042.3(a) (requiring the

---

[2] Lynch attached to his amended complaint copies of checks from the Philadelphia prison system paid to the order of Attorney Cooper, as well as a spreadsheet indicating deductions from Lynch's prison account. **See** Attachments to Amended Complaint, 5/15/19.

[3] Counsel represented Attorney Cooper individually and did appear on behalf of Attorney Sagot or Sagot Associates.

[4] A certificate of merit consists of a form, signed by the plaintiff or his attorney, indicating a licensed professional has supplied a written statement that: (1) there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by a defendant in the practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; (2) a defendant deviated from an acceptable professional standard based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or (3) expert testimony is unnecessary for the prosecution of the claim against a defendant. **See** Pa.R.Civ.P. 1042.10.

filing of a certificate of merit within sixty days of filing a complaint in any action alleging a licensed professional deviated from an acceptable professional standard), **see also** Pa.R.Civ.P. 1042.6(a) (governing notices of intent to enter judgment of *non pros* for failure to file a certificate of merit). Four days later, Lynch informed the trial court that his mailing address had changed from SCI-Dallas to SCI-Phoenix.

On February 5, 2020, Attorney Cooper filed a *praecipe* for the entry of a judgment of *non pros* as to Lynch's claims against him. Lynch then filed a certificate of merit asserting that expert testimony of an appropriate licensed professional was unnecessary as to "these proceedings and claims against Sagot Associates." **See** Lynch's Certificate of Merit, 2/28/20.[5] In May 2020, Lynch filed a petition to open the judgment of *non pros*. Upon consideration of the briefs filed by Lynch and Attorney Cooper, the trial court denied Lynch's petition to open on July 31, 2020.[6]

Attorney Sagot and Sagot Associates were not served with original process, nor had they taken any actions with respect to Lynch's original or

---

[5] Lynch asserts that he mailed his certificate of merit on February 4, 2020; however, absent adequate evidence of the date he deposited this filing with prison officials, we refer to the February 28, 2020 date of docketing as the date of this filing. **See Thomas v. Elash**, 781 A.2d 170, 176 (Pa. Super. 2001) (discussing the prisoner mailbox rule and applying the rule to a civil matter). We do the same for all of Lynch's filings where the record does not contain verifiable evidence of the date of mailing.

[6] The Honorable Ann Butchart decided Lynch's petition to open the judgment of *non pros* as to Attorney Cooper.

amended complaint.[7]   Nevertheless, the docket next indicates that in December 2020, the trial court listed the matter for a settlement conference. Additionally, Lynch filed a motion to extend the deadlines based upon a COVID-19 lockdown in the prison, which the trial court denied.[8]

In August 2021, the trial court attempted to hold a pretrial conference, but no parties appeared.  The trial court issued a rule to show cause scheduling a hearing for September 29, 2021, to determine why the case should not be dismissed and whether the defense should be sanctioned for failing to appear at the pretrial conference.  Only Attorney Cooper responded to the rule to show cause, and he indicated that the court had entered a judgment of *non pros* as to the claims against him, and he was no longer involved in the case. On September 29, 2021, the trial court dismissed Lynch's entire action.[9] Lynch timely appealed from the September 29, 2021 order dismissing the

---

[7] Lynch's attempts to serve Attorney Sagot or Sagot Associates with his original and amended complaint had been unsuccessful.  **See** Affidavit/Return of Service, 5/17/19 (indicating that the suite listed for Attorney Sagot and Sagot Associates did not exist); Affidavit/Return of Service, 4/8/19 (indicating that Attorney Sagot and Sagot Associates were "not found because EXPIRED").

[8] Judge Linda Carpenter presided over the matter beginning in 2021.

[9] It is unclear which of the trial court's 2021 orders Lynch received, as the record contains several documents indicating that the court received returned mail.  **See** Return Mail Received, Document Nos. 34, 36, 42.

entire case.[10] The court did not order a Pa.R.A.P. 1925(b) statement, but the presiding judges filed separate opinions explaining their decisions to dismiss Lynch's claims and action due to his failure to file certificates of merit.[11] *See* Judge Carpenter's Opinion, 6/30/22, at 4-5 (unnumbered); Judge Butchart's Opinion, 12/2/21, at 4 (unnumbered).[12]

Lynch raises the following issues for review:

1. Did . . . [Attorney Cooper] . . . with[h]old factual information from the [trial court] in [his] subsequent return of service affidavit that [his] first mailing had failed to give notice and 30 days opportunity to correct the legal defect as required by [Pa.R.Civ.P.] 1042.6?

2. Did the failure of the [January 2, 2020] mailing by [Attorney Cooper affect] the response period under [Pa.R.Civ.P.] 1042.6?

3. Can . . . [Lynch] be refused relief of vacating /striking/and/or opening the [j]udg[]ment of dismissal . . . simply because the legal mail from the court that was mailed to the correct address S.C.I. Phoenix was returned as undeliverable where [Lynch] has been and continues to be housed . . .

Lynch's Brief at 10.

---

[10] On September 13, 2021, Lynch had filed a separate notice of appeal from the July 31, 2020 order denying his petition to open the judgment of *non pros* as to Attorney Cooper, which was docketed in this Court at 2417 EDA 2021. This Court dismissed that appeal as duplicative of the present appeal. *See* Order, 2417 EDA 2021, 3/1/22.

[11] On December 27, 2021, while this appeal was pending, Lynch filed in the trial court a petition to open, strike, or vacate the September 29, 2021 order.

[12] Judge Butchart also concluded that Lynch failed to timely appeal the July 31, 2020 order denying his petition to open the judgment of *non pros* as to Attorney Cooper. *See* Judge Butchart's Opinion, 12/2/21, at 2-3. Judge Butchart noted that there were no indications in the record that Lynch had not received the July 31, 2020 order. *See id*. at 3.

Initially, we must consider whether this Court has jurisdiction to consider this appeal. *See Bloome v. Alan*, 154 A.3d 1271, 1273 (Pa. Super. 2017) (noting that the appealability of an order directly implicates this Court's jurisdiction); *see also Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 274 (Pa. Super. 2019) (stating that the timeliness of an appeal is jurisdictional). Our standard of review of questions concerning this Court's jurisdiction is *de novo*, and our scope of review is plenary. *See In re Estate of Krasinski*, 218 A.3d 1246, 1251 (Pa. 2019).

To perfect an appeal, an appellant must timely file a notice of appeal from an appealable order. *See* Pa.R.A.P. 902-903 (requiring that appeals permitted by law be taken within thirty days); *see also* Pa.R.A.P. 902 Note (stating that a timely notice of appeal is "self-perfecting"). An appeal may be taken from: (1) an interlocutory order as of right, *see* Pa.R.A.P. 311; (2) an interlocutory order by permission, *see* Pa.R.A.P. 312, 1311; (3) a collateral order, *see* Pa.R.A.P. 313; or (4) a final order or an order certified as a final order, *see* Pa.R.A.P. 341. *See Bloome*, 154 A.3d at 1273.

An interlocutory order refusing to strike off or open a judgment is immediately appealable as of right, *see* Pa.R.A.P. 311(a)(1), but an appellant taking an interlocutory appeal as of right must file a notice of appeal within thirty days of the entry of the order. *See* Pa.R.A.P. 902-903. The failure to take an immediate appeal of an interlocutory order denying a petition to open a judgment of *non pros*, however, does not waive the appellant's right to challenge the interlocutory order upon a timely appeal from a final order. *See*

Pa.R.A.P. 311(g) (providing that the failure to appeal an interlocutory order pursuant to Rule 311(a)(1) does not waive any objections to the interlocutory order); *see also Stephens v. Messick*, 799 A.2d 793, 798 (Pa. Super. 2002) (noting that "[a]s a general rule, interlocutory orders that are not subject to immediate appeal as of right may be reviewed on a subsequent timely appeal of the final appealable order or judgment in the case") (internal citation and quotations omitted).

A final order is one that disposes of all claims and parties. *See* Pa.R.A.P. 341(b)(1). This Court's decision in *Bloome* is instructive in this case. In *Bloome*, the plaintiff failed to serve two of the defendants named in her amended complaint. *See Bloome*, 154 A.3d at 1272-74. Three other defendants filed preliminary objections. *See id*. at 1273. The trial court sustained the moving defendant's preliminary objections, but dismissed the plaintiff's amended complaint in its entirety. *See id*. On appeal, this Court held that the order dismissing the amended complaint was **not** a final order under Rule 341(b)(1) because: the plaintiff did not serve two defendants named in her amended complaint; the unserved defendants did not file preliminary objections; and the plaintiff's action against the unserved defendant had not been dismissed or discontinued. *See id*. at 1274. Further, finding no other basis on which to exercise our appellate jurisdiction, the *Bloome* Court quashed the plaintiff's appeal. *See id*. at 1274 & n.7.

In the appeal *sub judice*, Lynch named Attorney Cooper, Attorney Sagot, and Sagot Associates as defendants in his action. Lynch served Attorney

Cooper with original process, and as noted above, the trial court denied Lynch's petition to open the judgment of *non pros* as to Attorney Cooper on July 31, 2020. The order as to Attorney Cooper was interlocutory, as it did not dispose of all parties, but was immediately appealable pursuant to Pa.R.A.P. 311(a)(1). While Lynch did not timely appeal the July 31, 2020 order within thirty days, his failure to do so is not fatal to this Court's jurisdiction so long as Lynch timely appealed from a final order disposing of all claims and parties. **See** Pa.R.A.P. 311(g); **see also Stephens**, 799 A.2d at 798.

We note that Lynch timely appealed from the trial court's September 29, 2021 order, and that order purported to dismiss all claims and all parties. However, our review of the record reveals that like the plaintiff in **Bloome**, Lynch had failed to serve Attorney Sagot or Sagot Associates and neither Attorney Sagot nor Sagot Associates participated in any of the litigation. Furthermore, no actions were taken to dismiss or discontinue Lynch's claims against them. Therefore, the September 29, 2021 order was not a final order. **See Bloome**, 154 A.3d at 1274. Because Lynch has provided no other basis for this Court to exercise our appellate jurisdiction, Lynch's timely appeal from the September 29, 2021 order does not trigger this Court's jurisdiction. **See id**.

Thus, because Lynch has not perfected an appeal from the trial court's July 31, 2020 order, or the September 29, 2021 order, we must quash this appeal.[13]

Appeal quashed.

Judge McCaffery joins this memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023

---

[13] Because we lack jurisdiction, we express no opinion on Lynch's assertions that court breakdowns or extraordinary circumstances prevented him from timely filing a petition to open a judgment entered on September 29, 2021, or timely appealing the July 31, 2020 order. Additionally, we do not consider the merits of the trial court's denial of Lynch's petition to open the judgment of *non pros* as to Attorney Cooper or any other aspects of Lynch's claims against Appellees.