J-S22032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. LYNCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN COOPER, ESQ. ALLAN J. | : | No. 2200 EDA 2021 |
| SAGOT, ESQ. ALLAN J. SAGOT | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190100419

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED JANUARY 18, 2023**

The Majority holds that, because this timely appeal was taken from an interlocutory order, we must quash this appeal.  Majority Memorandum at 9.  I respectfully disagree that quashal is mandatory, and, therefore, I respectfully dissent.

I begin by noting that the trial court purported to dismiss the case in its entirety, not merely the claims against the lone defendant who filed a praecipe to enter a judgment of *non pros*, and that the docket entry for the appealed-from order designates it as an order entering a final disposition.  As such, the argument could be made that the order from which Mr. Lynch appealed is indeed a final order that erroneously disposed of claims not before the court.  However, in **Bloome v. Alan**, 154 A.3d 1271, 1274 (Pa.Super. 2017), upon

which the Majority relies in its disposition, this Court held in the same circumstances that the order did not effectively terminate the action against unserved defendants despite its stated intent to dismiss the complaint *in toto*. Therefore, I proceed with the understanding that, despite all indications to the contrary, Mr. Lynch's claims against Attorney Sagot and Sagot Associates were not dismissed by the trial court's September 29, 2021 order. Nonetheless, while **Bloome** may control the determination of the finality of the order before us, neither it nor the appellate rules mandates that this appeal be quashed.

The Rules of Appellate Procedure expressly state that they "shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105(a). "In the interest of expediting decision," with exceptions not pertinent here, this Court may "disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." **Id**.

Along these lines, our Rules provide that "that jurisdiction in appellate courts may be perfected after an appeal notice has been filed[.]" **U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua**, 193 A.3d 994, 998 (Pa.Super. 2018) (cleaned up). For example, Rule 902 explains that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa.R.A.P. 902.

Instead, the failure "is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." *Id*. Rule 905, in turn, provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5).

Accordingly, it is well-settled that, to further the interests of judicial economy, quashal of an interlocutory appeal need not necessarily result if the correction of a procedural misstep could perfect our jurisdiction. Pursuant to case law, we may exercise the option "to regard as done that which ought to have been done" when it is clear from the record that the appealed-from order was intended "to be a final pronouncement on the matters." *Franciscus v. Sevdik*, 135 A.3d 1092, 1094 n.2 (Pa.Super. 2016) (cleaned up). In other instances, we have ordered what ought to have been done to actually be done within a limited timeframe to avoid quashal. *See*, *e.g.*, *Commonwealth v. Young*, 280 A.3d 1049, 1057 (Pa.Super. 2022) (remanding for the appellant to file separate notice of appeal within ten days and stating failure to do so will result in quashal); *Heasley v. Carter Lumber*, 843 A.2d 1274, 1275 n.1 (Pa.Super. 2004) (deciding merits of appeal filed from interlocutory order after

the appellants complied with this Court's direction to file a praecipe for the entry of judgment).[1]

In my view, since this appeal has been fully briefed and assigned to a merits panel for disposition, automatic quashal is not in keeping with "the just, speedy, and inexpensive determination" of this matter. Pa.R.A.P. 105(a). Rather, I would enter an order giving Appellant an opportunity, if he chooses to forgo his claims against those defendants, to file a praecipe to dismiss his claims against Attorney Sagot and Sagot Associates before quashing this appeal and making the parties start the process anew.

Therefore, I respectfully dissent.

---

[1] ***See also Zaminsky v. Dodge***, 2107 EDA 2014 (Pa.Super. March 23, 2015) (*per curiam* order granting the appellants ten days to dismiss outstanding claims within ten days or face quashal); ***Reinoso v. Kohl's Department Stores, Inc.***, 3174 EDA 2012 (Pa.Super. July 1, 2014) (*per curiam* order directing the trial court to enter an order concluding the litigation as to all parties or to inform this Court whether any claims remained undecided).