# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam,                 :
           Appellant        :
                                 :
           v.                   :    No. 1175 C.D. 2024
                                 :    SUBMITTED: December 8, 2025
Delaware County Court of Common    :
Pleas and Department of Health      :

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                **FILED: April 1, 2026**

Appellant, Thomas Washam, appeals *pro se* from the order of the Court of Common Pleas of Delaware County (trial court) sustaining the preliminary objections of Delaware County Court of Common Pleas (CCP) and dismissing all claims against CCP, with prejudice. We are constrained to quash the appeal for lack of jurisdiction.

Washam's pleadings are somewhat difficult to decipher. The pertinent facts, as best we can discern, are as follows. Washam is an inmate currently "serving a mandatory life sentence without the possibility of parole . . . for a crime that he allegedly committed at some time when he was a minor." Pet. at 1-2. In March 2024, Washam filed what is titled a "Special Petition to Modify Order of Sentence by Administrative and Executive Order" (Petition) naming both CCP and the Department of Health as respondents. Washam claims that decisions holding that the Eighth Amendment[1] forbids mandatory life sentences without the possibility of

---

[1] U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

parole for juvenile offenders warrant his release.[2] As for the Department, Washam claims that it is an indispensable party because "[t]he agency completes and registers birth certificates for all children born in Pennsylvania," and it introduced a "void" birth certificate during his criminal proceedings, presumably leading to the "mistaken" belief that Washam was an adult at the time of the offense. Pet. at 3. Washam seeks an order directing his immediate release from prison, or an order ruling in his favor on a prior petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

The Petition was not served on either CCP or the Department. Nevertheless, CCP filed preliminary objections asserting that Washam's claims should be dismissed because CCP is entitled to sovereign immunity, the claims are barred by the coordinate jurisdiction rule and *Heck v. Humphrey*,[3] and mandamus relief is not proper. CCP further argued that leave to amend should not be granted as it would be futile. On May 24, 2024,[4] the trial court issued its order stating simply that CCP's preliminary objections were sustained and all claims against CCP were dismissed, with prejudice. Washam then appealed to this Court.[5]

---

[2] *See Miller v. Alabama*, 567 U.S. 460, 465 (2012) (holding "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments[]'"); *Commonwealth v. Tarselli* (Pa. Super., No. 360 MDA 2020, filed July 7, 2021) [vacating mandatory sentence of life imprisonment without the possibility of parole and remanding for resentencing pursuant to *Miller* and *Montgomery v. Louisiana*, 577 U.S. 190 (2016)].

[3] 512 U.S. 477 (1994).

[4] While the trial court's order is dated May 13, 2024, it was not entered on the docket until May 24, 2024.

[5] Washam's notice of appeal is dated June 18, 2024, and was received by this Court on June 21, 2024. It is unclear why the trial court did not docket Washam's notice of appeal until July 3, 2024. By order dated June 24, 2024, and docketed June 25, 2024, the trial court denied Washam's pleading captioned as a petition to strike judgment. Given the timing of Washam's **(Footnote continued on next page…)**

2

Before we reach the merits of Washam's arguments, we must address the appealability of the trial court's order as it goes to our subject matter jurisdiction. *See, e.g.*, *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002) ("A court's jurisdiction is a threshold issue that the court may consider of its own motion and at any time."). As our Supreme Court has noted, "there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or by statute." *Id.* Pennsylvania Rule of Appellate Procedure 341(b)(1) defines a final order, in pertinent part, as one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). Here, the order Washam attempts to appeal dismissed the claims against CCP, but did not address those brought against the Department. The record demonstrates that the Department was not served, has not been dismissed from this matter, and Washam has not discontinued his case against the agency. Moreover, the trial court did not expressly deem the order to be final by determining "that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). The order is therefore interlocutory and not immediately appealable as of right as a final order. The trial court's order also does not fit within any of the enumerated categories for an interlocutory appeal as of right. *See* Pa.R.A.P. 311(a).

Accordingly, we lack jurisdiction to entertain the appeal and are constrained to quash. *Bloome v. Alan*, 154 A.3d 1271 (Pa. Super. 2017) (quashing appeal for lack of jurisdiction where claims remained against additional parties); *Borst v. Twp. of North East* (Pa. Cmwlth., No. 1286 C.D. 2023, filed Jan. 31, 2025) (same).[6]

_____

notice of appeal, it can only properly be interpreted as appealing the trial court's May 2024 order sustaining CCP's preliminary objections, not the June 2024 order purportedly denying Washam's petition to strike judgment.

[6] This unreported panel decision is cited for its persuasive value and not as binding precedent. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam, : 
     Appellant : 
          : 
     v. :   No. 1175 C.D. 2024
          : 
Delaware County Court of Common : 
Pleas and Department of Health : 

**PER CURIAM**        **O R D E R**

   AND NOW, this 1st day of April, 2026, Appellant Thomas Washam's appeal from the order of the Court of Common Pleas of Delaware County in the above-captioned matter is QUASHED.