# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Commonwealth v. Thomas Peters, Appellant.

*Liquor law—Selling without a license—Criminal law.*

Where one of three, to effectuate a common purpose, acting for himself and others at their request and with funds contributed by all, makes the purchase of a pint of whisky, pays the price and brings the liquor to a place appointed, where it is drank by all, such person, so acting, cannot be deemed the vendor of the others or either of them.

Argued May 14, 1896. Appeal, No. 94, April T., 1896, by defendant, from judgment of Q. S., Butler Co., March Term, 1896, No. 39, on verdict and sentence against defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Charge for violation of liquor law.

The indictment charged, first, keeping a house where liquor is sold; second, selling and giving away liquors; third, selling less than one quart of liquor; fourth, selling and giving away more than one quart; fifth, selling spiritous and vinous liquors. A true bill was found; a verdict of guilty found against defendant. The sentence imposed a fine of $1,000 and costs of the case and imprisonment in the county jail for six months.

The following facts were found by the Superior Court in the opinion by WICKHAM, J.:

At the trial of this case in the court below, it appeared from the evidence that on a certain occasion Peters, the appellant, and two other men, Roland and Gardner, were together at the village blacksmith shop in Centerville, Butler county. To add an element of conviviality to their meeting, something was said about getting some liquor to drink. This remark presently led to overt measures, and it was decided that each man should contribute something towards paying for a pint of whisky, to be procured at a neighboring drug store. The appellant, in behalf of himself and his companions, then went out to obtain the liquor.

The circumstances relied on by the commonwealth to convict are briefly outlined in the following extract from the cross-examination of Roland, the leading witness against the appellant, and towards whom he evidently had no good will, much less partiality, at the time he testified:

Q. Where did you first talk about getting it? A. In my shop. Q. That was a year ago last summer? A. Yes, sir. Q. You were present? A. Yes, sir, and Mr. Gardner and Mr. Peters. Q. He told you he would get it at the drug store? A. Yes, sir. Q. And you knew that was where he was going to get the liquor? A. We gave him money to go to the drug store and get it. Q. How much money did you contribute? A. Thirty-five cents, I believe. Q. How much did Gardner contribute? A. A quarter. Q. How much was Peters to contribute? A. I don't remember; I think we told him if he would get it we would pay for it. Q. It was for the three of you? A. Yes, sir. Q. How much was it you got? A. A pint. Q. He told you where he got it, and you knew where he was going to get it? A. Yes, sir. Q. And he went away? A. Yes, sir. Q. And after a short time returned with the liquor? A. Yes, sir. And the three of you drank the liquor? A. Yes, sir. Q. You gave him the money before he went after the liquor? A. Yes, sir.

From other uncontradicted evidence it is clear that the pint of whisky was bought by the appellant at the drug store and that to obtain the same, including the prescription upon which it was purchased, he advanced 40 cents of his own money.

Another instance of the three men obtaining liquor in a similar way took place later.

Nine months after the affair above described had taken place, a constable, acting on a notice given him, returned the appellant for selling liquor without a license. At the trial the learned judge of the court below directed the jury to convict the appellant. This was accordingly done, and the appellant was thereupon sentenced to pay a fine of $1,000 and the costs of prosecution, and to be imprisoned for six months in the county jail.

*Errors assigned* were:

1. In refusing the defendant's first point, which point and answer are as follows:

If the jury find that a purse was made up by the defendant and others, by each paying part of the money for a pint of whisky, that the defendant with the money thus contributed went, and on a prescription bought a pint of whisky from the druggist, with the money so contributed for that purpose, returned with it and all the parties drank of the liquor thus purchased, this would not be selling liquor without a license, and the defendant should not be convicted. *Answer:* Refused.

2. In charging the jury that the transaction constituted a sale and a violation of the law, which charge is as follows:

Gentlemen of the Jury, we say to you as a question of law, the defendant here having admitted that he received the money from the men and went to the drug store and delivered it to them, that that is a sale under this law and a violation of the law, and that he is guilty of the violation on the fifth count; we say to you it is your duty to render a verdict of guilty in manner and form as indicted.

3. In directing the jury to return a verdict of guilty on the fifth count of the bill of indictment.

*Lev. McQuistion,* with him *John M. Thompson,* for appellant.

*A. M. Christley,* for appellee.

OPINION BY WICKHAM, J., May 28, 1896 (after finding the facts, as set out in the statement of facts):

Manifestly, the only sales visible in the transaction herein

detailed were those made by the druggist to the appellant, who bought for himself and his two friends. The obtaining the liquor was in pursuance of a joint understanding and made the appellant no more liable as a vendor than if he had been sent for and secured a luncheon or a basket of fruit for the use of the three. In a nut shell, the case is this: Three men, desiring to have and use a certain article in common, contribute in the proportion of twenty-five one hundredths, thirty-five one hundredths and forty one hundredths to its price. One of the three, to effectuate the common purpose, acting for himself and the others and at their request, makes the purchase, pays the price and brings the article to a place appointed. The three, thereupon recognizing each other's rights in the thing purchased, jointly use it as their own. How can any one of the three be deemed the vendor of the others, or either of them?

Upon the uncontroverted facts, the appellant was entitled to an acquittal. The refusal to affirm his point and the direction to the jury to find for the commonwealth therefore constitute error. The affirmance of the point would have resulted in an acquittal, and the point may therefore be considered as equivalent to a request to instruct the jury to find for the defendant, while not such in form. So regarding it, and knowing that the commonwealth's entire case is before us, we reverse without a venire facias de novo. A new trial could not result in conviction, and would subject the appellant and the public to needless expense.

The judgment of the court below is reversed, and the appellant discharged from his recognizance.