## Manning v. Andy

*Sanford S. Finder,* for plaintiff.
*Samuel L. Rodgers,* for defendants.

McCUNE, J., August 11, 1970.—The first question before us is whether we should allow an amendment to a complaint in trespass after the running of the statute of limitations. Defendants oppose the proposed amendment on the ground that it would permit a new cause of action to be instituted after the running of the statute.

The complaint, filed December 12, 1969, alleges that plaintiff was an employe of defendants and that

on December 16, 1967, defendants held a party for their employes which plaintiff attended. The complaint alleges that another employe, one Russell E. Walters, also attended the party, that defendants supplied liquor to both Walters and plaintiff, and that Walters became intoxicated; that plaintiff, while in Walter's vehicle as a passenger, was seriously injured in an accident which was caused by the fact that Walters was under the influence of liquor.

Preliminary objections were filed to the original complaint in the nature of a demurrer averring that the complaint did not state a cause of action. The obvious omission was that the complaint did not allege that liquor was furnished Walters after he became visibly influenced by it. There is no doubt that the omission was fatal because the complaint as filed merely alleged that defendants served liquor to one of their guests and this alone would not constitute negligent conduct. At least plaintiff appears to admit this conclusion. He did not argue the worth of the preliminary objections. Plaintiff instead petitioned to supply that omission. The petition to amend was filed on May 8, 1970, more than two years after December 1967. Plaintiff obviously wishes to bring his pleading within the language of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §1-101, specifically section 493, 47 PS §4-493, where it is provided that it shall be unlawful for any licensee or the board, or any employe, servant or agent of such licensee or of the board, *or any other person* to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given to any person *visibly intoxicated,* or to any insane person, or to any minor or to habitual drunkards or persons of known intemperate habits.

While defendants were not licensees, plaintiff seeks

to establish by his proposed amendment that they fall within the clause "or any other person" and thus that they violated a law of the Commonwealth when they gave liquor to a visibly intoxicated person. This would be sufficient to impute negligent conduct to defendants and thus, according to plaintiff's argument, his complaint would state a cause of action.

An amendment introducing a new cause of action will not be permitted after the statute of limitations has run. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the statute has run, Wilson v. Howard Johnson Restaurant, 421 Pa. 455 (1966). The phrase "cause of action" was defined in Martin v. Pittsburgh Railways Company, 227 Pa. 18 (1910), to mean "the negligent act or acts which occasioned the injury." This definition was adopted by the court in Wilson v. Howard Johnson, supra. In Martin v. Pittsburgh Railways Co., the first complaint said that plaintiff had been struck by a car which had been negligently operated. The proposed amendment said plaintiff was an intended passenger who fell from the street car as he was climbing onto it because of its sudden forward motion. The court refused to permit this amendment. Obviously, a public carrier would owe a higher degree of care.

In Wilson v. Howard Johnson, the court refused to permit an amendment. The first complaint said defendant was negligent in maintaining an icy sidewalk and plaintiff fell on a fence. The proposed amendment said that the negligence was in maintaining a fence at the edge of a sidewalk.

In Mays v. United Natural Gas Co., 268 Pa. 325 (1920), an amendment was prohibited. The first complaint said that defendant failed to furnish a chain

of sufficient strength to hold a beam. The proposed amendment said the negligence was in the way the chain was fastened to the beam.

In McCormick v. Grunnagle, 42 D. & C. 2d 464 (1967), an amendment was prohibited. The first complaint said that doctors were negligent in failing to support plaintiff's face during an operation. The proposed amendment said the doctors failed to advise plaintiff that the operation could result in injuries to her face and they then committed a battery for lack of an informed consent.

In each of the above cases, plaintiff shifted his ground. He adopted a new theory.

Did plaintiff here adopt a new theory? We think not. His theory originally was that Walters became intoxicated on the liquor defendants gave him and while driving his car, in which Manning was a passenger, he had an accident as the result of his intoxication. He now wishes to say that the liquor was given Walters after he became visibly intoxicated. This is an amplification of his theory, we think, permitted by the same cases already cited. (Incidentally, neither complaint says that Walters was driving the car.) We will, therefore, permit the amendment.

Defendants, however, introduce another argument: that even though the amendment is permitted, the complaint nevertheless fails to state a cause of action because the allegation seeks to fasten civil liability to one not engaged in the liquor traffic. Defendants accordingly restate their demurrer to the amended complaint. The second question we must decide, therefore, is whether a demurrer to the amended complaint should be sustained.

Does the amended complaint state a cause of action? Does the Liquor Code, when it prohibits any person from giving liquor to a visibly intoxicated

person, refer to the host at a private Christmas party or does it refer only to people engaged in the liquor business?

This question has been decided for purposes of the criminal law. In Commonwealth v. Randall, 183 Pa. Superior Ct. 603 (1957), a private citizen, Randall, held a party at his home for some minor children where, among other things, he served them liquor. He was charged with a violation of section 493 of the Liquor Code and convicted. In spite of the argument that the doctrine of ejusdem generis demanded that "any other person" be interpreted to mean one engaged in the liquor business, the Superior Court held that "any other person" meant just what it said.

Of course, there is no difficulty in finding ample case law to the effect that if one *in the liquor business* sells liquor to another when he is visibly intoxicated, the seller can be found to be negligent and liable for all of the proximate result of such sale. See Smith v. Clark, 411 Pa. 142 (1963), and Smith v. Evans, 421 Pa. 247 (1966), where the court said this:

"If a tavern keeper serves intoxicating liquors to anyone in a visible state of intoxication, he violates the law, and, if as the result of such intoxication, the consumer of the intoxicants injures someone else or himself, the tavern keeper is liable in tort."

See also Majors v. Brodhead Hotel, 416 Pa. 265 (1965), and Schelin v. Goldberg, 188 Pa. Superior Ct. 341 (1958).

The difficulty is in trying to decide how far to extend the law because, as defendants argue, every political picnic, every Christmas party and every other social activity will become a hazardous undertaking if the Liquor Code is applied to them. As the court said in Miller v. Owens-Illinois Glass Company, 48 Ill. App. 2d 412, 199 N.E. 2d 300, 8 A.L.R. 3d, 1402, at 1411 (1964), ". . . It would open up the

floodgates of litigation as to almost every happening where someone was injured."

In Miller v. Owens-Illinois Glass Company, a fraternal association of employes of Owens-Illinois Glass Company held a picnic where liquor was served. An employe became intoxicated and while driving his automobile injured plaintiff Miller. The so-called Dram Shop Act of Illinois read, in part, as follows: "Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action . . . against any person who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . .": section 135, chapter 43, Ill. Rev. Stats 1961.

It will be seen that the Illinois act is somewhat broader in its scope than the Liquor Code of Pennsylvania.

The legislative intent of the Illinois act was stated in section 94 to be as follows:

"This act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors."

In Pennsylvania, the legislature says that the Liquor Code:

". . . shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose": 47 PS §1-104.

The Illinois court affirmed the entry of summary judgment for defendant, finding that it was not the

purpose of the legislation to impose civil liability upon private citizens who served liquor at purely private functions, that while the courts could seek to mitigate the evils of the liquor traffic they could not interpret the act so as to impose liability on one who gives liquor to another in a purely private situation.

In spite of the extended history of the regulation of liquor, we find no cases in Pennsylvania precisely on point. Perhaps this is significant in itself. And even though Commonwealth v. Randall, supra, has defined "any other person" to encompass private citizens for purposes of criminal enforcement, we have great difficulty in extending the act to impose civil liability on private citizens who serve liquor to their guests.

The result of this policy would be difficult for the courts to contain. Every private dinner party where liquor was served might of necessity require the host, assuming his sobriety, to pick up his guests and return them to their homes. (We doubt that the serving of liquor would cease.) Although the host might strictly police his guests or strictly limit the supply of liquor, the inevitable suit will arise in which the host will be charged with serving liquor to a visibly intoxicated guest. The probability of so extended a field of litigation simply seems to us to have been outside the contemplation of the legislature when it dealt with the so-called liquor traffic.

At common law, there appears to have been no liability arising from the sale or furnishing of liquor to another even though he became intoxicated. See Joyce v. Hatfield, 197 Md. 249, 78 A.2d 754 (1951).

Accordingly, we adopt the view of the Illinois Court of Appeals in Miller. Our conclusion is supported by the discussion in 8 A.L.R. 3d, p. 1412, which states that although dramshop or civil damage acts usually provide for the recovery of damages from "any per-

son" giving or selling liquor, the general rule is that such acts do not create a right of action against one who furnished liquor as an act of mere hospitality or social courtesy, citing Cruse v. Aden, 127 Ill. 231, 20 N.E. 73, 3 L.R.A. 327 (1889), and Harris v. Hardesty, Ill. Kansas 291, 207 P. 188 (1922), and Miller v. Owens-Illinois Glass Company, supra.

## ORDER

And now, August 11, 1970, the petition to amend the complaint of plaintiff is granted. The preliminary objection to the amended complaint is sustained and the complaint is dismissed. An exception is duly noted.