J-S02035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT NEEB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS ROBIN AND THERESA | : | |
| ROBIN, HIS WIFE | : | |
| | : | No. 994 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered April 15, 2021
In the Court of Common Pleas of Carbon County
Civil Division at No(s): 19-0784

BEFORE:   OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 6, 2022**

Thomas Robin and Theresa Robin (Appellants), husband and wife, take this counseled appeal from the order entered in the Carbon County Court of Common Pleas, granting the motion of Scott Neeb (Appellee) for judgment on the pleadings as to Appellants' counterclaim.  On appeal, Appellants do not dispute the trial court's suggestion that because the order did not dispose of all claims and all parties, it is not final.[1]  We agree with the trial court on this point and thus quash this appeal.

On April 22, 2019, Appellee filed the underlying complaint against Appellants, alleging the following.  On the night of October 28, 2017,

---

[1] **See** Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order[.]").

Appellee's neighbor, Appellant Thomas, was on Appellee's property, "spraying a liquid on [Appellee's] bamboo bushes[.]" **See** Appellee's Complaint, 4/22/19, at ¶ 11. Appellee confronted him, and Appellant sprayed the liquid on Appellee's neck and face, then punched Appellee. **Id.** at ¶¶ 14-16. "During [this] assault, [Appellant Theresa] trespassed onto [the] property," and struck Appellee on the back of his head. **Id.** at ¶¶ 17-18. The complaint raised four counts against both Appellants: conspiracy, trespass, assault, and battery.

Following the litigation of preliminary objections, Appellants filed an answer, new matter, and counterclaim on January 3, 2020. In the counterclaim, Appellant Theresa alleged, for the first time, that Appellee assaulted her during the incident on October 28, 2017.

Appellee filed an answer, arguing Appellants' counterclaim was barred by the applicable two-year statute of limitations.[2] Appellee "also raised the statute of limitations defense under new matter in a subsequently filed amended answer to [Appellants'] New Matter and Counterclaim." Trial Ct. Op., 7/12/21, at 2. This answer contained a notice to plead. "No response to this New Matter was ever filed by" Appellants. **Id.**

On December 4, 2020, Appellee filed the underlying motion for judgment on the pleadings, seeking relief as to Appellants' counterclaim only.

---

[2] **See** 42 Pa.C.S. § 5524(1) (action for assault must be commenced within two years).

Again, Appellee averred the counterclaim was untimely under the two-year statue of limitations and should be dismissed. On April 15, 2021, the trial court granted Appellee's motion and entered judgment, on this claim only, in favor of Appellee and against Appellants.

Appellants timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued an opinion, suggesting that "no final order has been entered in this matter[,] as the order . . . does not dispose of all claims of all parties, and is therefore interlocutory." Trial Ct. Op. at 2 n.1, *citing* Pa.R.A.P. 341; ***Haviland v. Kline & Specter, P.C.***, 182 A.3d 488, 492 (Pa. Super. 2018) ("As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties."). The opinion also addressed, in the alternative, the merits of Appellants' statute-of-limitations issues.

Appellants raise four issues for our review, all addressing whether their counterclaim was timely under the statute of limitations:

> 1. Where [Appellants] filed Preliminary Objections within the Statutory period for asserting claims for intentional tort[,] but prior to filing an Answer with New Matter and Counterclaim which Preliminary Objections to the complaint [sic] caused a delay in filing the Counterclaim beyond the statutory time period due to the decision of the Court on the Preliminary Objections not being decided until after the time period elapsed, are [Appellants] time barred from asserting a counterclaim because the decision on the Preliminary Objections was not made until after the time period had run thereby precluding [Appellants] from asserting their claim in a timely manner?
>
> 2. Where [Appellants] had filed a summary citation in harassment against [Appellee] and alleged personal injuries in that citation did

- 3 -

[Appellee] have actual knowledge of the claim for injuries thereby providing [Appellee] of actual notice of the injury claim to be made against him and thereby tolls the running of the Statute of Limitations?

3. Where the filing of the Counterclaim asserting the injuries was made on January 3, 2020 and the Statute of Limitations allegedly expired on October 28[,] 2017 but the decision of the Court denying the Preliminary Objections was made on December 16, 2019 which Order provided that [Appellants] were permitted to file a "Responsive Answer" to the complaint within twenty days is the inclusion of the counterclaim permissible pursuant to [Pa.R.C.P.] 1031?

4. Where the lower court took almost seven (7) months to decide Preliminary Objections filed by [Appellants] did the lower court violate [Pa.R.C.P.] 1028(c)(2) by failing to promptly decide the Preliminary Objections which violation by the lower court was the direct cause of exceeding the Statute of Limitations in pursuing the counterclaim and thereby prejudiced [Appellants] in now prohibiting them from asserting their counterclaim?

Appellant's Brief at 2-3.

As stated above, Appellants do not address the trial court's suggestion that this appeal was improperly taken from a non-final order. Instead, the entirety of their arguments goes to whether the court erred in dismissing their counterclaim. Appellee relies on the trial court's reasoning and argues this appeal should be quashed. Appellee's Brief at 12. We agree.

"The appealability of an order directly implicates the jurisdiction of [this C]ourt," and we may "inquire at any time, *sua sponte*, whether an order is appealable." **Bloome v. Alan**, 154 A.3d 1271, 1273 (Pa. Super. 2017) (citations omitted). This Court has explained:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341);

- 4 -

(2) an interlocutory order as of right (Pa.R.A.P. 311);

(3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b));

or (4) a collateral order (Pa.R.A.P. 313).

*Bloome*, 154 A.3d at 1273 (some citations omitted).

Pennsylvania Rule of Appellate Procedure 341 provides:

**(a) General rule**.—Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

**(b)** Definition of final order. A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to paragraph (c) of this rule; or

(4) is [a Post Conviction Relief Act[3]] order pursuant to paragraph (f) of this rule.

**(c) Determination of finality.**—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. . . .

---

[3] 42 Pa.C.S. §§ 9541-9545.

Pa.R.A.P. 341(a)-(c). "It is well settled that the interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims." *Klar v. Dairy Farmers of Am., Inc.*, 268 A.3d 1115, 1119 n.3 (Pa. Super. 2021), *citing* Pa.R.A.P. 341(b)(1).

Here, although the trial court dismissed Appellants' counterclaim of assault, it is clear that Appellee's four complaint counts remain outstanding. We thus agree with the trial court that the underlying, April 15, 2021, order is not final under Rule 341(a). Furthermore, Appellants advance no claim that the order is: a final order under Rule 341(c); an interlocutory order as of right under Rule 311; an interlocutory order by permission under Rules 312 and 1311 and 42 Pa.C.S. § 702(b); or a collateral order under Rule 313. *See Bloome*, 154 A.3d at 1273. Accordingly, we quash this appeal as improperly taken from a non-final, interlocutory order. *See Klar*, 268 A.3d at 1119 n.3. We offer no opinion as to the merits of the issues raised in Appellants' brief.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2022