# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Borst,       :
      Appellant  :
           :
     v.      :  No. 1286 C.D. 2023
           :  Submitted: December 9, 2024
Township of North East,    :
Pennsylvania Manufacturer Assoc. :
Company, Gallagher Bassett Services, :
Russ LaFuria, and August Neff  :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
      HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER    FILED: January 31, 2025

Sandra Borst, pro se, appeals from an Order of the Court of Common Pleas of Erie County (trial court), granting the Preliminary Objections filed by Township of North East (Township), Pennsylvania Manufacturer Assoc. Company (PMA), Gallagher Bassett Services (Gallagher Bassett), Russ LaFuria, and August Neff (collectively, Appellees),[1] and dismissing Borst's Complaint and Amended Complaint with prejudice. On appeal, Borst argues the trial court erred for various reasons, including because Township is not immune and the statute of limitations had not run on all of Borst's claims. Upon review, because there remains a claim against another defendant, Greg Kilgas, we are constrained to quash the appeal as being taken from an interlocutory order.

---

[1] PMA is Township's insurer, Gallagher Bassett is the third-party administrator handling claims for PMA, and LaFuria and Neff are employees of Township.

On July 6, 2023, Borst filed a Complaint in the trial court against Appellees and another defendant, Greg Kilgas. In the Complaint, Borst averred as follows. On July 6, 2021, a vehicle owned by Borst and operated by Madison Borst-Scarpino was involved in an accident at 10721 Crawford Road in the Township where it hit two large boulders on Township's right-of-way, which were placed there by Kilgas, the property owner. There is no posted speed limit sign before the curve where the accident occurred, which is a 90-degree turn. There was a curve sign and a stop ahead sign, but neither were adequate in that they did not accurately depict the severity of the curve. Kilgas placed the boulders there after the fence that was previously there kept getting struck. Borst asserted a claim of negligence and gross negligence against all Appellees and Kilgas and willful misconduct against Township, Neff, and Kilgas.

On August 30, 2023, Appellees filed their Preliminary Objections, asserting, relevant here, lack of service before the applicable statute of limitations expired and immunity under what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541-8542.[2] On September 22, 2023, Borst reinstated the Complaint. On the same date, she filed an Amended Complaint adding a claim for bad faith and for a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).[3] Also on September 22, 2023, Borst filed a two-paragraph answer to the Preliminary Objections stating she reinstated the Complaint and filed an Amended Complaint within 20 days of service of the Preliminary Objections and, therefore, the Preliminary Objections were moot. Thereafter, Appellees filed a response, asserting the answer was untimely by two

---

[2] There were a number of other bases asserted, which the trial court ultimately did not reach. Because those bases are not before us, we do not address them.

[3] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1–201-10.

days and that the reinstatement was untimely as it occurred outside the applicable timeframe.

On October 4, 2023,[4] the trial court issued its Order granting the Preliminary Objections and dismissing, with prejudice, the Complaint and Amended Complaint. The trial court cited Rule 400 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 400,[5] and the Tort Claims Act. Borst filed a Motion for Reconsideration and supporting brief, which Appellees opposed and the trial court denied. Borst filed a timely notice of appeal.[6]

On appeal,[7] Borst asserts, under Rule 401 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 401, a complaint can be reinstated, and this tolls the running of the applicable statute of limitations. According to Borst, she reinstated the Complaint and then amended it to add two new causes of action. However, she "thought she had 90 days to serve [Appellees] as that is what it is in New York." (Borst's Brief (Br.) at 6.) She acknowledges she filed the Amended Complaint two days late, attributing the delay to erroneously believing she had three extra days to do so. Borst argues any technical errors should be overlooked because Appellees were not prejudiced thereby, citing case law in support.

Borst also asserts the trial court erred in finding Township, LaFuria, and Neff are entitled to governmental immunity. She contends the personal property

---

[4] The Order was docketed October 5, 2023.

[5] Rule 400(a) provides that, except under limited circumstances not applicable here, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400(a).

[6] On November 14, 2023, Borst filed another Praecipe to Reinstate the Amended Complaint.

[7] In reviewing a trial court order sustaining preliminary objections, our review is limited to determining whether the trial court committed an error of law or abused its discretion. *Miller v. Klink*, 871 A.2d 331, 334 n.7 (Pa. Cmwlth. 2005).

3

exception, trees, traffic controls, and street lighting exception, and the streets exceptions of the Tort Claims Act, 42 Pa.C.S. § 8542(b)(2), (4), (6), apply because the boulders that were struck were located within the Township right-of-way. Specifically, she maintains "Township had the control of personal property of the owner of 10721 Crawford Road and choose [sic] not to have the owner remove them." (Borst's Br. at 8.) Borst also maintains Township did not have appropriate signage for what she called "a dangerous curve" and Township had constructive notice of the dangerous condition as the owner of the property complained several times. (*Id.* at 9.)

Borst also argues her bad faith and UTPCPL claims were brought within the applicable statute of limitations and the only reason service was not effectuated was because the trial court dismissed the action. She asks the Court to reverse the trial court's Order to allow the claims against all Appellees to move forward or, alternatively, to reverse it to the extent the claims against Gallagher Bassett and PMA can move forward.[8]

Appellees respond the trial court properly sustained their Preliminary Objections based on failure to effectuate service of original process before the statute of limitations ran. They argue service goes to jurisdiction and, therefore, must be strictly followed. Here, Appellees argue that Borst did not personally serve the Complaint within the required 30 days; thus, the Complaint was "dead." (Appellees' Br. at 13.) To the extent Borst argues the statute of limitations was tolled, Appellees disagree, asserting tolling only occurs if the plaintiff makes a good faith effort to effectuate service during the life of the complaint, which Borst did not do here. Appellees argue Borst made no such effort because she wrongly believed she had 90

---

[8] Borst also makes various arguments about the merits of her claims. As those issues are not presently before the Court, we will not address them further.

4

to 120 days to serve the Complaint. Moreover, Appellees contend they had no notice that the action was pending.

Although they believe the first issue is dispositive, Appellees address the immunity issue as an alternative basis for affirming the trial court. First, they assert there are no facts alleged that Township employees, LaFuria and/or Neff, undertook any acts that contributed to the accident. Second, even assuming the boulders were within the Township's right-of-way, Appellees contend that, for the real property exception to apply, Township had to have total control over the premises, which it did not, as Borst admitted the boulders were placed there by the property owner, Kilgas. Third, they argue the Complaint is devoid of any averments that Township knew or should have known that the alleged inadequate signage posed a danger. Appellees, therefore, ask the Court to affirm the trial court's Order.

Before we can address the parties' arguments, we first must address whether the Order was a final order, which is appealable as of right. This is because, generally, "an appellate court's jurisdiction extends only to review of final orders." *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1124-24 (Pa. 2009). Rule 341(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(a). A final order is defined, in relevant part, as one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Stated another way, "[a] final order is one which ends the litigation, or alternatively, disposes of the entire case." *Piltzer v. Indep. Fed. Sav. & Loan Ass'n of Phila.*, 319 A.2d 677, 678 (Pa. 1974). There is a procedure that a party can follow in the event an order does not dispose of all claims and parties. Rule 341(c) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit

5

**may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case**. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. . . .

Pa.R.A.P. 341(c)(emphasis added).

Here, the trial court's Order undoubtedly disposed of the claims against Appellees. However, Kilgas was also named as a defendant in both the Complaint and Amended Complaint. Although there is no indication Kilgas participated in any of the proceedings before the trial court, the claim against Kilgas remains. While the trial court stated in its Order it was dismissing the Complaint and Amended Complaint, it only could do so as to the claims against Appellees. Because the claim against Kilgas remains, the Order is not final as it did not "dispose[] of all claims and of all parties." Pa.R.A.P. 341(b)(1); *see also Miller v. Klink*, 871 A.2d 331, 334 n.7 (Pa. Cmwlth. 2005) (noting appeal was originally quashed because some defendants remained); *Bloome v. Alan*, 154 A.3d 1271, 1274 (Pa. Super. 2017) (concluding order under review was not a final, appealable order when there was no indication other defendants have been served with original process, no preliminary objections had been filed by those defendants, those defendants were never dismissed from the action by the trial court, and the plaintiff had not sought to discontinue the action against them). Furthermore, there is no indication in the record that the procedure under Rule 341(c) was sought or granted. Thus, we must quash the appeal.

_____

**RENÉE COHN JUBELIRER,** President Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Borst,
                       Appellant

           v.

Township of North East,
Pennsylvania Manufacturer Assoc.
Company, Gallagher Bassett Services,
Russ LaFuria, and August Neff

:
:
:
:
:
:
:
:
:
:
:

No. 1286 C.D. 2023

## O R D E R

**NOW**, January 31, 2025, the notice of appeal filed by Sandra Borst is **QUASHED**.

_____
**RENÉE COHN JUBELIRER,** President Judge